UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WEN QING LU, §<br>*Petitioner* §<br>§<br>v. §<br>§<br>PAMELA BONDI, IN HER OFFICIAL §<br>CAPACITY AS ATTORNEY GENERAL §<br>OF THE UNITED STATES; EXECUTIVE §<br>ASS. DIR. MARCOS CHARLES, IN HIS §<br>OFFICIAL CAPACITY ACTING §<br>EXECUTIVE ASSOCIATE DIRECTOR, §<br>ENFORCEMENT AND REMOVAL §<br>OPERATIONS, ICE; ACTING §<br>DIRECTOR TODD M. LYONS, IN HIS §<br>OFFICIAL CAPACITY AS ACTING §<br>DIRECTOR, U.S. IMMIGRATION AND §<br>CUSTOMS ENFORCEMENT; SEC. OF §<br>DHS KRISTI NOEM, IN HER OFFICIAL §<br>CAPACITY AS SECRETARY, U.S. §<br>DEPARTMENT OF HOMELAND §<br>SECURITY; AND RANDALL §<br>HENDERSON, IN HIS OFFICIAL §<br>CAPACITY AS WARDEN OF THE §<br>SOUTH TEXAS DETENTION §<br>FACILITY; §<br>*Respondents* § | Case No. SA-25-CA-01865-XR |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On this date, the Court considered Wen Qing Lu's Petition for a Writ of Habeas Corpus (ECF No. 1) and the associated briefing (ECF No. 4, 7). After careful consideration, the Petition is **GRANTED**.

### BACKGROUND

Petitioner Wen Qing Lu is a native of China who came to the United States in 1990. ECF No. 1 at 4. He has a United States citizen wife and a United States citizen son. *Id.* He and his wife operate a restaurant, at which Lu worked prior to his detention. *Id.*

1

In 1991, an Immigration Judge ordered Lu removed from the United States. *Id.* at 5. The order became administratively final at that time. *Id.* In 1994 and 1995, at about 20-years-old, Lu was convicted of attempted extortion and kidnapping. *Id.* at 4. He served ten years in federal prison as a result. *Id.* at 4–5.

In 2018, after a confrontation with his ex-wife, Lu was detained. *Id.* at 5. His ex-wife withdrew the case, and Lu was not convicted of anything. *Id.* But Immigration and Customs Enforcement ("ICE") continued detaining him for six months and tried to remove him from the country. *Id.* China refused to accept Lu, so he was released. *Id.* at 2, 8.

On June 6, 2025, ICE re-detained Lu without explanation. *Id.* at 6. At some point, ICE asked Lu to fill out an application for travel documents from China, which he did on August 21, 2025. *Id.* ICE informed Lu on December 11, 2025, that the application had been submitted to the Chinese consulate. *Id.* Respondents now say that they did not, in fact, submit the application until December 22, 2025. ECF No. 4 at 2.

## DISCUSSION

### I. Legal Standard

A habeas petitioner must show that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); also citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

## II. Analysis

Lu argues he is entitled to relief for two main reasons. First, he argues that his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal is not reasonably foreseeable. Second, he argues that Respondents have violated their own regulations in how they detained him and in their failure to offer periodic custody redetermination hearings. Because the Court agrees with the first argument, it need not address the second.

a. *Petitioner's Zadvydas claim is meritorious.*

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the ninety days following a final order for the person to be removed. *Zadvydas*, 533 U.S. at 682; 8 U.S.C. § 1231(a)(1). During that ninety-day "removal period," the person subject to removal is typically detained. *Zadvydas*, 533 U.S. at 682. After the removal period, the Government may in some situations continue detaining them for as long as is "reasonably necessary" to secure their removal. *Id.*; 8 U.S.C. § 1231(a)(6). But, under *Zadvydas*, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." 533 U.S. at 699. *Zadvydas* also recognized a "presumptively reasonable period of detention" of six months following the removal period. *Id.* at 701.

Lu has been detained for more than six months after his removal period, so *Zadvydas*'s presumption does not apply. Without the presumption, the Court "must ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Id.* at 699. The period is unreasonable if (1) there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and (2) the Government fails to "respond with evidence sufficient to rebut that showing." *Id.* at 701. The burden as to the first element is on

3

Petitioner, and he cannot satisfy it with "conclusory statements suggesting that he will not be immediately removed." *Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006).

1. <u>There is good reason to doubt that removal is reasonably foreseeable.</u>

ICE released Petitioner in 2018 because his removal to China was not reasonably foreseeable. ECF No. 1 at 2, 8. "Absent a change of circumstance, that alone is 'good reason to believe' that removal remains not reasonably foreseeable." *Nguyen v. Noem*, 5:25-cv-1763-XR, ECF No. 9 at 5 (citing *Truong v. Bondi*, No. SA-25-CA-01947-XR, 2026 WL 475296, at *4 (W.D. Tex. Feb. 11, 2026)).

Beyond that, Petitioner was ordered removed over thirty years ago. ECF No. 1 at 5. Yet he has not been removed. Respondents claim that it typically takes about thirty days for the Chinese consulate to process travel document requests. ECF No. 4 at 2. Yet it has been well over thirty days since they submitted the application for Lu's travel documents, and—again—he has not been removed. Respondents detained Petitioner with no explanation, delayed requesting travel documents for over six months, and have not said what has purportedly changed since China refused to accept Lu in 2018. All of those factors support a finding of "good reason to believe" that Petitioner's removal is not reasonably foreseeable. *See Puertas-Mendoza v. Bondi*, No. SA-25-CA-00890-XR, 2025 WL 3142089, at *4 (W.D. Tex. Oct. 22, 2025) (finding good reason to believe removal was not reasonably foreseeable, in part because of a nine-year delay between the petitioner's removal order and his re-detention and the government's lack of explanation for re-detention).

2. <u>Respondents do not provide evidence sufficient to rebut Petitioner's showing.</u>

Respondents say that Petitioner's removal is likely in the reasonably foreseeable future for two reasons. First, they note that they have removed many Chinese nationals from the United

States and that in 2024 "ICE completed its first large removal flight to China since FY 2018." ECF No. 4 at 5. But the fact that ICE has removed Chinese nationals and the fact that they have recently removed people to China does not mean they will be able to remove *Petitioner* to China.

Respondents say that they removed 517 Chinese nationals in FY 2024 and 411 in the first quarter of FY 2025. ECF No. 4 at 5. But these kinds of generic statistics are not enough. For one thing, Respondents have provided no indication of how many people they have asked China to accept. If Respondents have submitted 1000 requests and China has accepted 900 of them, that might be significant. But if Respondents have submitted 5000 requests and China has accepted 900, then Respondents would not have met their burden. *See Nguyen v. Hyde*, 788 F. Supp. 3d 144, 151 (D. Mass. 2025).

"More glaring" is that Respondents do not identify whether any of the individuals they have removed to China are in a situation similar to Petitioner's. *Id.* They do not address whether China accepts people who, like Petitioner, left China decades ago. They similarly do not address whether China accepts people who it previously rejected. Without this kind of context, the generic statistics Respondents provide is not enough to carry their burden.

Respondents' final argument is that they recently requested travel documents for Petitioner. ECF No. 4 at 5. But that "does not, alone, suggest that Petitioner's removal is likely in the reasonably foreseeable future." *Nyugen*, 5:25-cv-1763-XR, ECF No. 9 at 5. China could, as it has in the past, reject the request. And Respondents have not shown a reason to think that China will *not* reject the request. Further, as previously noted, Respondents claim that China usually processes applications in about thirty days. But it has been over double that time since Respondents submitted Petitioner's application, and Petitioner has seemingly not been removed.

"[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699–700. Petitioner's detention is unlawful, and he must be released.

## CONCLUSION

For the foregoing reasons, the Petition (ECF No. 1) is **GRANTED**.

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Wen Qing Lu from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place by **March 11, 2026**;

2. Respondents must **NOTIFY** Petitioner's counsel by email[1] of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release;**

3. If Petitioner is re-detained, all applicable regulations and procedures must be followed; and

4. Respondents shall **FILE** a status report on **March 12, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

It is so **ORDERED**.

**SIGNED** this 9th day of March, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] Brian Scott Green; BrianGreen@greenUSimmigration.com; 443-799-4225